FILED
5/10/17 12:26 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In Re:

| | | |
|---|---|---|
| Bradley T. Wilkins | : | Bankruptcy No.  16-10130TPA |
| Judy Ann Wilkins | : | Related Document No.  85 |
| *Debtor(s)* | : | |

**ORDER CONVERTING CASE FROM CHAPTER 13 TO CHAPTER 7
AND TERMINATING WAGE ATTACHMENT**

The debtor has filed a notice of conversion in accordance with *11 U.S.C. §1307(a)* converting this case to a case under Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code).

It is **ORDERED, ADJUDGED and DECREED** that:

(1) This case is **CONVERTED** to a case under Chapter 7.

(2) The wage attachment(s) issued in this case are immediately **TERMINATED**.  The Debtor shall serve a copy of this order on the employer(s).

(3) *Within 14 days* of the date of this Order, the Debtor shall file a schedule of all unpaid debts incurred after the commencement of the Chapter 13 case and before conversion. *Bankruptcy Rule 1019(5)(B)(i)*.

(4) *Within 14 days* of the date of this Order, the Debtor shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A) & 1007(b)*, if such documents have not already been filed.

(5) *Within 30 days* of the date of this Order, the Debtor shall file a statement of intention with respect to retention or surrender of property securing consumer debts, as required by *11 U.S.C. §521(a)(2)*, *Bankruptcy Rule 1019(1)(B)* and conforming to *Official Form 8*.

(6) The Chapter 13 Trustee **FORTHWITH** shall turn over to the Chapter 7 Trustee all records and property of the estate remaining in the Chapter 13 Trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except to the extent that the Trustee shall dispose of remaining funds as required by *W.PA. LBR 3021-1(f)*.

(7) *Within 60 days* of the date of this Order, the Chapter 13 Trustee shall file an accounting of all receipts and distributions made.  Jurisdiction over the Chapter 13 Trustee's certification of disbursements of funds and final report and account remains assigned to the Honorable Thomas P. Agresti, Bankruptcy Judge.

(8) *Within 30 days* of the date of this Order, the Debtor shall, if the case is converted after the confirmation of a plan, file:

 (a) A schedule of all property not listed in the final report and account of the Chapter 13 Trustee which was acquired after the commencement of the Chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(i)*;

 (b) A schedule of unpaid debts not listed in the Chapter 13 Trustee's final report and account, *Bankruptcy Rule 1019(5)(C)(ii)*; and

 (c) A schedule of executory contracts entered into or assumed after the commencement of the Chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(iii)*, and

 (d) The schedule of claimants under (b) of this paragraph shall be filed in matrix format. The Clerk shall reject for filing any list of claimants which is not filed in matrix format.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per Paragraphs 3, 8(b) and 8(c) of this Order are filed in time for the Clerk to include post-petition creditors in the §341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors in the §341 notice mailing, ***within ten (10) days of the filing of said report and schedules***, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

It is **FURTHER ORDERED** that ***within forty-five (45) days*** of this Order, all Chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy Court. The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case" and shall designate the case number as "Bankruptcy No. 16-10130TPA" and the hearing shall be self-scheduled on Judge Agresti's motions calendar.

It is **FURTHER ORDERED** that ***within ten (10) days*** hereof Counsel for Debtor shall **IMMEDIATELY SERVE** a copy of this Order on all creditors in the above case and shall ***file a Certificate of Service*** with the Clerk of the Bankruptcy Court.

The Court retains jurisdiction over the Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon submission of the UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account, the Chapter 13 Trustee is discharged from her duties in this case.

Dated: May 10, 2017

                _____
                Thomas P. Agresti, Judge  ljm
                United States Bankruptcy Court

Case Administrator to serve:
Debtor(s)
Debtor(s) Counsel
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee
Ch 7 Trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Bradley Thomas Wilkins  
Judy Ann Wilkins  
      Debtors

Case No. 16-10130-TPA  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-1     User: amaz     Page 1 of 1     Date Rcvd: May 10, 2017  
                        Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 12, 2017.  
db/jdb      +Bradley Thomas Wilkins,   Judy Ann Wilkins,   1424 East 35th Street,   Erie, PA 16504-1924  
           +Ronda J. Winnecour, Esq.,   Suite 3250, USX Tower,   600 Grant Street,  
            Pittsburgh, PA 15219-2702

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 12, 2017                                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 10, 2017 at the address(es) listed below:  
        Daniel P. Foster    on behalf of Joint Debtor Judy Ann Wilkins dan@mrdebtbuster.com,  
         clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com  
        Daniel P. Foster    on behalf of Debtor Bradley Thomas Wilkins dan@mrdebtbuster.com,  
         clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com  
        James Warmbrodt    on behalf of Creditor   Ditech Financial LLC bkgroup@kmllawgroup.com  
        John C. Melaragno, Trustee    johnm@mplegal.com,  
         jmelaragno@IQ7technology.com;katie@mplegal.com;kbernsley@hotmail.com;john.mello21@gmail.com  
        Joshua I. Goldman    on behalf of Creditor   Ditech Financial LLC bkgroup@kmllawgroup.com  
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
                                                   TOTAL: 7